Augusta WILLIAMS,

v.

Walter KEENAN.

Civ. A. No. 85–1189–N.

United States District Court, D. Massachusetts.

July 15, 1985.

Edward B. Ginn, Kline & Gordon, Boston, Mass., for plaintiff.

Richard L. Zisson, J. Richard Ratcliffe, Zisson & Veara, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR ORDER FOR CERTIFIED COPIES OF POLICE INCIDENT REPORT (# 13)

ROBERT B. COLLINGS, United States Magistrate.

The Motion For Order For Certified Copies Of Police Incident Report (# 13) is currently before the Court. No opposition to the motion has been filed. The background of the motion is as follows.

The Massachusetts State Police is not a party to this litigation. The plaintiff noticed the deposition of the person in charge of records of the Massachusetts State Police facility at Andover, Massachusetts, and a deposition subpoena *duces tecum* was served upon the keeper of records of that facility on May 28, 1985 commanding said keeper to appear and to produce the requested documents on June 14, 1985.

On June 14, 1985, Ronald C. Harbour appeared at the deposition on behalf of the Massachusetts State Police. According to the Affidavit Of Norma J. Brettell (# 14), Mr. Harbour refused to produce a document which he had brought with him to the deposition and which was admittedly responsive to the subpoena, i.e. a Report of Trooper Keenan of Case No. 83–043–X103–0394. As a result of this refusal, the plaintiff filed her Motion For Order For Certified Copies Of Police Incident Report (# 13) which seeks a court order that the Massachusetts State Police produce the report.

Rule 45(b), F.R.Civ.P., provides:

(b) A subpoena may also command the person to whom it is directed to produce the books, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents or tangible things.

In the instant case, no motion to quash or modify the subpoena was filed "at or before" June 14, 1985, which is "the time specified in the subpoena for compliance therewith." Indeed, no motion to quash or modify has ever been filed.

Rule 45(d)(1), F.R.Civ.P., provides, in pertinent part:

The person to whom the subpoena is directed may, within 10 days after the service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, *if objection has been made*, move for an order at any time upon notice to the deponent for an order at any time before or during the taking of the deposition.

Emphasis supplied.

No written objection was filed within 10 days of May 28, 1985, or at any other time for that matter.

Thus, the deponent utterly failed to comply with the provisions of the Federal Rules of Civil Procedure which provide for the means whereby one served with a deposition subpoena *duces tecum* can seek relief from any of the terms of the subpoena which are deemed objectionable. Rather, the deponent merely appeared at the deposition and refused to produce the documents which he was commanded to produce pursuant to the deposition subpoena *duces tecum*.

■ In these circumstances, there is no need for, or indeed no provision for, the Court issuing any Order. The deposition subpoena *duces tecum* is, in itself, a Court Order commanding the deponent to produce the documents specified therein. The only time when the Court may issue an order to a non-party upon whom a deposition subpoena *duces tecum* has been served is when said non-party has filed a written objection to producing the documents pursuant to Rule 45(d)(1), F.R. Civ.P.

Accordingly, it is ORDERED that the Motion For Order For Certified Copies Of Police Incident Report (# 13) be, and the same hereby is, DENIED.

To summarize, the deponent has received a Court Order in the form of a Deposition Subpoena *duces tecum* commanding him to produce the document. The deponent has not filed a motion to quash or modify the subpoena pursuant to Rule 45(b), F.R. Civ.P. nor has filed any written objections, timely or otherwise, to producing the documents pursuant to Rule 45(d)(1), F.R. Civ.P.

However, the plaintiff is not without avenues of relief in this situation.

Rule 45(f), F.R.Civ.P., provides:

(f) Failure of any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.

If the deponent does not, upon receipt of the within Memorandum, produce the documents FORTHWITH, the plaintiff may file a motion seeking to have the deponent held in contempt pursuant to Rule 45(f), F.R.Civ.P.